IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case No. 4-14-cr-00090 |
| § | |
| ROBERT GEORGE ARWADY § | |
| RICHARD PAUL MEDRANO § | |

DEFENDANTS' MOTION *IN LIMINE* AND INCORPORATED
MEMORANDUM TO EXCLUDE CERTAIN EVIDENCE
IDENTIFIED IN THE GOVERNMENT'S RULE 404(b) NOTICE [DOC 110]

NOW COME the defendants Robert George Arwady and Richard Paul Medrano, by and through their counsel, and move this Honorable Court to exclude certain evidence identified in the government's Rule 404(b) Notice.

**Introduction**

For the last two years the United States has alleged that the Defendant's engaged in a conspiracy to engage in the business of selling firearms without a license. In addition to those allegations the Government alleged that Paul Medrano made a false statement by checking a box on an ATF form. Just last week the Government dismissed the gravamen of their indictment and greatly reduced the relevant issues before this Court. Now, the Government seeks to introduce through the back door that which it could not get in the front door. This Court should not allow it.

**BACKGROUND**

Defendants are now charged with one count of conspiring to make a false statement on a form and one count of aiding and abetting each other in the making of a

false statement on a form. The only issues before this Court are whether the Defendant's conspired to make a false statement and whether Medrano intended to make a false statement. The Government has not alleged that defendants were not eligible to own firearms or that any false statement was material to the lawfulness of the sale. In fact, the pending allegations have nothing to do with engaging in the business of buying and selling firearms. However, through their Notice the Government has indicated that they believe that there are seven other separate, extrinsic transactions that are relevant to each of these actual issues. The Government gives no actual reason why these extrinsic events should be allowed, but instead offers up a laundry list of potential reasons.

**STANDARD FOR ADMITTING EVIDENCE OF EXTRINSIC "OTHER ACTS"**

Extrinsic evidence must meet the requirements of Rule 404(b) to be admissible at trial. Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of the person in order to show action in conformity therewith" but may be admitted for the limited purpose of proving "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The Rule is designed to "guard against the inherent danger that the admission of 'other acts' evidence might lead a jury to convict a defendant not of the charged offense, but instead of an extrinsic offense." *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007).

Courts of the Fifth Circuit apply a two-step test to determine whether the Rule 404(b) requirements are met. "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character," that is, motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

accident. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc); Fed. R. Evid. 404(b). "Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [R]ule 403." *Beechum*, 582 F.2d at 911. Because evidence of this nature is inherently prejudicial, its admission is closely scrutinized: "We review the admission of evidence under Federal Rule of Evidence 404(b) under a 'heightened' abuse of discretion standard." *United States v. Templeton,* 624 F.3d 215, 221 (5th Cir.2010) (quoting *United States v. McCall,* 553 F.3d 821, 827 (5th Cir.2008)), *cert. denied,* 556 U.S. 1195, 131 S.Ct. 1530, 179 L.Ed.2d 346 (2011). "Evidence in criminal trials must be strictly relevant to the particular offense charged." United States v. Carrillo, 660 F.3d 914, 926 (5th Cir. 2011).

## ARGUMENT

### I. The Evidence is Irrelevant

"[I]t is up to the offeror to show that the evidence of other crimes is relevant." Wright & Graham, Federal Practice and Procedure: Evidence § 5249. In this regard, "courts should not be misled by the labels the offeror attaches to his argument for admissibility. Only by tracing the line of relevance through to one of the ultimate issues in the case can the court insure that the fact which the evidence is supposed to prove is in issue and thus prevent sham use of this rule." *Id.* § 5239; *see also United States v. Guerrero,* 650 F.2d 728, 733 (5th Cir. 1981) ("For the purposes of the *Beechum* test, the common characteristic must be the significant one for the purpose of the inquiry at

3

hand.") (internal citation and quotation omitted); *United States v. Hays*, 872 F.2d 582, 587 (5th Cir. 1989) (quoting in part *Williams v. New York*, 337 U.S. 241, 247 (1949)) ("[E]vidence at criminal trials must be 'strictly relevant to the particular offense charged.'").

The government fails to make a satisfactory showing about relevance. Instead of "tracing the line of relevance" from the 404(b) evidence at issue "through to one of the ultimate issues in the case," the government frames its arguments for inclusion in entirely conclusory terms. The Government puts states simply that it "intends to use evidence of their activities related to selling firearms not from Mr. Arwady's personal collection in order to prove motive, intent, preparation, plan, knowledge, absence of mistake, and lack of accident regarding Mr. Medrano's signing of the ATF form[…]" The Government leaves the Court guessing as to the relevance of these events. Lastly, through their notice it appears that the Government intends to prove that Defendants were actually engaged in crimes alleged in the dismissed counts of the Superseding Indictment. These Counts carried a larger penalty than the counts going to trial and should be met with increased scrutiny. See *United States v. McCann*, 613 F.3d 486, 499 (5th Cir. 2010)("..[E]vidence that a defendant engaged in conduct more serious than the charged offense can create a substantial unfair prejudice."):

### II. Even if relevant, the prejudicial value outweighs the probative value of these seven distinct transactions and their admission violates Rule 403.

This case is about a false statement on an ATF form. This really is the sole issue in the case from which all others flow. Admission of all of this extraneous evidence

regarding what the Government believes (but cannot prove) of Defendant's engaging in a separate scheme is of little, if any, probative value. Its prejudicial value is great, it will amount to substantially more evidence, more testimony, and more paperwork than the counts at issue all designed to do nothing but prejudice the jury.

Lastly, admission of the evidence surrounding these seven separate events will violate Rule 403. Admission of all of this evidence will confuse the issues, mislead the jury, cause immense undue delay, and will waste the time of the Jury and the Court. The ultimate issue in the case is small and finite – "what was Paul Medrano's intent when he filled out the ATF form?" Inclusion of all of this additional evidence will serve solely to violate Rules 403 and 404.

## CONCLUSION

For the foregoing reasons, the Court should exclude the aforementioned evidence from admission at trial.

Respectfully submitted,

*/s/ Charles Flood*
Charles Flood
Flood & Flood
914 Preston at Main, Suite 800
Houston, TX 77002
(713) 223-8877
**Attorney for Richard P. Medrano (2)**

*/s/ Joseph Grant*
Joseph Grant
The Grant Law Firm
94 A Drew St.
Houston, TX 77006
(713) 880-3331

5

*/s/ Robert Sanders*
109 Candlewick Drive
Winston-Salem, NC 27104
(336) 659-2999
**Attorneys for Robert G. Arwady (1)**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Court's ECF system and a copy has been emailed to AUSA Michael Kusin on October 14, 2015.

*/s/ Charles Flood*
Charles Flood