**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 4-14-cr-00090** |
| | § | |
| **RICHARD MEDRANO** | § | |

**MOTION TO DISCLOSE INTERNAL COMMUNICATIONS OF THE UNITED**
**STATES ATTORNEY'S OFFICE REGARDING PRE-TRIAL DIVERSION**
**OFFER TO PAUL MEDRANO**

TO THE HONORABLE KEITH ELLISON.:

NOW COMES RICHARD PAUL MEDRANO, pursuant to the Fifth Amendment to the United States Constitution and the holdings in *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963), and *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and requests this Court to order the United States Attorney's Office to disclose their internal memorandum regarding the offer of a pre-trial diversion agreement, saying as follows.

**The Issue:**

Medrano was asked to cooperate with the Government by a veteran Assistant United States Attorney in exchange for pre-trial diversion. After meeting with the Government on two separate occasions Medrano was told that he had met their qualification for "substantial assistance." This veteran prosecutor then told his supervisor that Medrano had qualified for a pre-trial diversion agreement. Counsel asks this Court to disclose those communications.

**Background Facts:**

On August 13, 2015, upon request from the AUSA, counsel for Mr. Medrano met with the Government attorneys at their office.  During this meeting the government attorneys stated that they were interested in the cooperation of Mr. Medrano against his co-defendant Arwady.  The parties had previously attempted to negotiate a plea agreement to a misdemeanor charge, but based on the unavailability of an applicable misdemeanor charge, it was agreed that the parties could reach a pre-trial diversion agreement in exchange for Medrano's cooperation.

Based on representations made at that meeting, on August 18, 2015, Medrano, accompanied by counsel met at the AUSA's office with attorneys and ATF Agent Marc Delpit.

Following that debriefing, counsel was told affirmatively that "pretrial diversion is still on the table" and the Government asked for another debriefing.  Mr. Medrano, accompanied by counsel again met with the AUSA and Agent Delpit on September 3, 2015. Immediately following that debriefing counsel was told that Medrano had fulfilled the requirements of "substantial cooperation" and that the AUSA would be going forward to finalize the pretrial diversion agreement.  Counsel was informed that a formal request was being presented to his supervisor.

On September 17, 2015, counsel for Medrano was informed that despite the fact that the AUSA had "tried mightily" his attempt to uphold his end of the agreement was thwarted by his supervisor.

2

**Law and Argument:**

Based on representations made by the AUSA handling the case, Defendant believes that the memorandum or other writings by the AUSA to his supervisor may contain information which would tend to corroborate Defendant's version of events and may contain underlying facts which amount to *Brady* or *Giglio* evidence. Counsel recognizes that these internal memoranda of the United States Attorney's Office may contain the "prosecutor's opinions and mental impressions of the case" which are not generally discoverable. *See United States v. Kohring*, 637 F.3d 895, 907 (9th Cir. 2010). However, as the *Kohring* case recognizes, these memoranda may contain "underlying exculpatory facts" that should be disclosed to the Defendant. *Id.* Put simply, Medrano's constitutional right to disclosure of exculpatory evidence outweighs the work product protection. As Charles Alan Wright's Federal Practice and Procedure observes: "Because *Brady* is based on the Constitution, it overrides court-made rules of procedure. Thus, the work-product immunity for discovery in Rule 16(a)(2) prohibits discovery under Rule 16 but it does not alter the prosecutor's duty to disclose material that is within *Brady*." CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 254.2 (3rd ed.2000). The disclosure of these memoranda is crucial to protect Defendant's constitutional rights.

Accordingly, counsel prays that these communications be immediately disclosed to counsel for Defendant.

3

Respectfully submitted,


*/s/ Charles Flood*
Charles Flood
Flood & Flood
Texas Bar No. 00798178
914 Preston at Main, Suite 800
Houston, TX 77002
(713) 223-8877
charles@floodandflood.com


## CERTIFICATE OF CONFERENCE

I certify that I have conferred with AUSA Michael Kusin who stated he will comply with the *Brady* requirements.


/s/ *Charles Flood*
Charles Flood


## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.


*/s/ Charles Flood*
Charles Flood