IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4-14-cr-00090 |
| | § | |
| ROBERT GEORGE ARWADY | § | |
| RICHARD PAUL MEDRANO | § | |

## DEFENDANT MEDRANO'S PROPOSED JURY INSTRUCTIONS

TO THE HONORABLE KEITH ELLISON,
UNITED STATES DISTRICT JUDGE:

    COMES NOW, RICHARD PAUL MEDRANO, Defendant, by and through his attorney, Charles Flood, and files these Proposed Jury Instructions.

    Respectfully submitted,

    FLOOD & FLOOD

    */s/ Charles Flood*
    Charles Flood
    914 Preston at Main, Suite 800
    Houston, TX 77002
    (713) 223-8877
    (713) 223-8879 fax

    **Attorney for Medrano**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system which will send notification of such filing to all filing users.

*/s/ Charles Flood*
Charles Flood

## **INSTRUCTION NO. 1**
**(Accomplice – Informer – Immunity)**

The testimony of an alleged accomplice, and/or the testimony of one who provides evidence against a defendant as an informer for pay, for immunity from punishment, or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.


Pattern Jury Instructions, U.S. Fifth Circuit District Judges Association, 1.14 (2015).

## INSTRUCTION NO. 2
### (Impeachment by Prior Inconsistencies)

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to deter- mine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

Pattern Jury Instructions, U.S. Fifth Circuit District Judges Association, 1.10 (2015).

# INSTRUCTION NO. 3
## ("Knowingly" and "Willfully")

The word "knowingly," as that term is used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake, accident, carelessness or for any other reason.

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

Pattern Jury Instructions, U.S. Fifth Circuit District Judges Association, 1.37, 1.38 (2015).

# INSTRUCTION NO. 4

## MAKING A FALSE STATEMENT IN A LICENSED DEALER'S RECORD
## 18 U.S.C. SECTION 924(a)(1)(A)

Title 18, United States Code, Section 924(a)(1)(A) makes it a felony to knowingly make a false statement in a record that federal law requires a licensed firearms dealer to keep. For you to find a Defendant guilty as charged in Count Eight of the indictment, you must be convinced beyond a reasonable doubt that:

1) The dealer of the firearm was a federally licensed firearm dealer at the time the events occurred;
2) The defendant made a false statement or representation in a record that the licensed firearms dealer was required by federal law to maintain; and
3) The defendant made the false statement with knowledge of its falsity.

It is required that the prosecution show that the defendant knowingly made a false statement which was intended or likely to deceive the firearms dealer.

*United States v. Reid*, 595 Fed.Appx. 280 (Fifth Cir. 2014).  (*See* attached). *United States v. Cochran*, 446 F.2d 27, 29 (5th Cir 1977)("However, while in order to establish the offense in this case, it was not necessary for the government to prove specific intent, *see United States v. Cornett*, 484 F.2d 1365, 1368 (6th Cir. 1973), <u>it was required that the prosecution show that the defendant knowingly made a false statement which was intended or likely to deceive firearms dealers</u>. *See United States v. Williams*, 464 F.2d 927, 931 (8th Cir. 1972).")(emphasis added).

595 Fed.Appx. 280
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial decisions
issued on or after Jan. 1, 2007. See also
U.S.Ct. of App. 5th Cir. Rules 28.7 and 47.5.
United States Court of Appeals,
Fifth Circuit.

UNITED STATES of America, Plaintiff–Appellee

v.

Tyrone REID, Defendant–Appellant.

No. 13–20272.   |   Dec. 8, 2014.

**Synopsis**
**Background:** Defendant was convicted in the United States District Court for the Southern District of Texas of conspiring to make false statements to a Federal Firearms Licensee (FFL) and aiding and abetting false statements to two FFLs. Defendant appealed.

**Holdings:** The Court of Appeals held that:

[1] claim that government failed to prove jurisdictional requirement that firearm dealers in question were federally licensed at time of offense was not escalated to plain error review on appeal by failure of defendant to move for acquittal;

[2] admission of Form 4473s were not sufficient to prove jurisdictional requirement; and

[3] admission of Form 3310.4 was not sufficient to prove jurisdictional requirement.

Reversed and remanded.

West Headnotes (3)

[1]     **Criminal Law**
         *Sufficiency of evidence*

Claim that government failed to prove jurisdictional requirement that firearm dealers in question were federally licensed at time of offense was not escalated to plain error review on appeal by failure of defendant to move for acquittal of charges of conspiring to make false statements to Federal Firearms Licensee (FFL) and aiding and abetting false statements to two FFLs. 18 U.S.C.A. § 924(a)(1)(A).

Cases that cite this headnote

[2]     **Conspiracy**
         *Particular Conspiracies*
        **Weapons**
         *False statements to dealers*

Admission of Form 4473s that contained dealer's federal license number, stamped signature, business name, and address were not sufficient to prove jurisdictional requirement that firearm dealers were licensed at time of offense, as required to convict defendant of conspiring to make false statements to Federal Firearms Licensee (FFL) and aiding and abetting false statements to two FFLs, since those forms did not contain date that license was issued or its expiration date and they did not contain certification that dealer was currently licensed, or any other indication that dealer's license was valid on date of sale. 18 U.S.C.A. § 924(a)(1)(A).

Cases that cite this headnote

[3]     **Conspiracy**
         *Particular Conspiracies*
        **Weapons**
         *False statements to dealers*

Admission of Bureau of Alcohol, Tobacco, Firearms and Explosives (ATFE) Form 3310.4 for submitting to ATFE and state and local authorities whenever unlicensed buyer purchased multiple firearms within short timeframe was not sufficient to prove jurisdictional requirement that firearm dealers were licensed at time of offense, as required to convict defendant of conspiring to make false statements to Federal Firearms Licensee (FFL) and aiding and abetting false statements to two FFLs; although Form contained dealer's federal license number, stamped signature, business

name, and address, there was nothing to allow jury to infer that dealers were licensed at time of defendant's offenses. 18 U.S.C.A. § 924(a)(1)(A).

Cases that cite this headnote

**Attorneys and Law Firms**

**\*281** Paula Camille Offenhauser, Assistant U.S. Attorney, Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

John Moreno Parras, Houston, TX, for Defendant–Appellant.

Appeal from the United States District Court for the Southern District of Texas, USDC No. 4:11–CR–577–4.

Before DAVIS, DeMOSS, and ELROD, Circuit Judges.

**Opinion**

PER CURIAM:[*]

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Defendant–Appellant Tyrone Reid ("Reid") appeals his convictions for (1) conspiring to make false statements to a Federal Firearms Licensee ("FFL") and (2) aiding and abetting false statements to two FFLs. On appeal, Reid argues that the Government produced insufficient evidence of a necessary element of the offenses—namely, that the firearms dealers were FFLs at the time of his offenses.[1] We agree, and accordingly reverse and remand with instructions that the district court dismiss the conspiracy and aiding and abetting charges against Reid.

[1] Reid's second challenge on appeal is precluded by Abramski v. United States, –––U.S. ––––, 134 S.Ct. 2259, 189 L.Ed.2d 262 (2014), which the Supreme Court decided after the parties filed their appellate briefs.

**I.**

The Gun Control Act (the "Act")[2] "establishes a detailed scheme to enable [FFLs] to verify, at the point of sale, **\*282** whether a potential buyer may lawfully own a gun."[3] The Act

[2] 18 U.S.C. §§ 921–31.

[3] Abramski, 134 S.Ct. at 2263.

insists that the dealer keep certain records[ ] to enable federal authorities both to enforce the law's verification measures and to trace firearms used in crimes. A dealer must maintain [the purchaser's name, age, and residence] in its permanent files. In addition, the dealer must keep "such records of ... sale[ ] or other disposition of firearms ... as the Attorney General may by regulations prescribe."[4]

[4] Id.

To implement the Act, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (the "ATF") developed Form 4473 for gun sales. "The part of that form to be completed by the buyer requests his name, birth date, and address, as well as certain other identifying information (for example, his height, weight, and race)."[5] "The form further lists all the factors disqualifying a person from gun ownership," such as a prior felony conviction, "and asks the would-be buyer whether any of them apply."[6] Of primary importance in this case is Form 4473 Question 11.a, which asks the prospective firearm purchaser: "Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you.**" Form 4473 also requires the buyer to affirm the following: "**I understand that answering 'yes' to question 11.a. if I am not the actual buyer is a crime punishable as a felony under Federal law.**" Section 924(a)(1) of the Act prescribes criminal penalties for anyone who "knowingly makes any false statement or representation with respect to the information" that the Act requires "to be kept in the records of" an FFL, including Question 11.a. on Form 4473.[7]

[5] Id. at 2264.

[6] Id. at 2263.

[7] See generally id. at 2262–75.

A federal grand jury charged Reid in a four-count superseding indictment with conspiring to violate and aiding and abetting violations of § 924(a)(1). The indictment alleged that Reid

agreed to recruit, and did recruit, straw buyers to purchase firearms from FFLs and falsely represent on Form 4473s that they were the actual buyers of the firearms.

At the conclusion of a trial, a jury convicted Reid on the conspiracy count. The jury also found that Reid aided and abetted false statements to two FFLs, Bachman Pawn and Academy Sports, and accordingly rendered guilty verdicts on two of the three aiding and abetting counts.[8] On appeal, Reid claims that the Government failed to produce sufficient evidence that Bachman Pawn and Academy Sports were licensed at the time of his offenses.

[8]  However, the jury found Reid not guilty of aiding and abetting false statements to a third FFL, K.K. Sales.

## II.

To establish a violation of § 924(a)(1)(A), the government must prove that: (1) the dealer was a federally licensed firearms dealer at the time the events occurred; (2) the defendant made a false statement or representation in a record that the licensed firearms dealer was required by federal law to maintain; and (3) the **\*283** defendant made the false statement with knowledge of its falsity.[9]

[9]  *United States v. Pena,* 541 Fed.Appx. 453, 455 (5th Cir.2013) (quoting *United States v. Abramski,* 706 F.3d 307, 316–17 (4th Cir.2013), *aff'd,* ––– U.S. ––––, 134 S.Ct. 2259, 189 L.Ed.2d 262 (2014)).

[1]  Importantly, section 924(a)(1)(A)'s requirement that the Government prove that the firearm dealers in question were federally licensed at the time of the offense is jurisdictional.[10] When a criminal defendant argues on appeal that the Government failed to carry its burden of proof on a jurisdictional element, "the applicable standard of review ... does not escalate to plain error" even if the appellant "failed to move for acquittal due to the insufficiency of the evidence of the jurisdictional issue."[11] Whether Reid failed to raise this particular evidentiary sufficiency challenge in his motion for acquittal below, as the Government insists, "is therefore of no moment."[12] We must "review all of the admissible evidence and the reasonable inferences which flow therefrom in a light most favorable to the verdict to determine whether a reasonable trier of fact could find that that evidence established guilt beyond a reasonable doubt."[13]

[10]  *United States v. Prince,* 647 F.3d 1257, 1267 (10th Cir.2011) (" § 924(a)(1)(A)'s records requirement is simply a jurisdictional hook. It provides authority for the United States to criminalize false statements made to firearms dealers."); *United States v. Green,* 544 F.2d 746, 747 (4th Cir.1976) ("The fact that the dealer was licensed serves only to establish a basis for federal jurisdiction.").

[11]  *United States v. Schultz,* 17 F.3d 723, 725 (5th Cir.1994).

[12]  *See id.*

[13]  *Id.* (citing *United States v. Trice,* 823 F.2d 80, 86 (5th Cir.1987); *United States v. Maner,* 611 F.2d 107, 108–09 (5th Cir.1980)).

## III.

[2]  To establish that Reid conspired to violate or aided and abetted a violation of § 924(a)(1)(A), the Government had to prove that Bachman Pawn and Academy Sports were FFLs at the time Reid committed his offenses.[14] Reid argues that the Government failed to do so.

[14]  *Cf. Pena,* 541 Fed.Appx. at 455 (quoting *Abramski,* 706 F.3d at 316–17) (describing elements of a direct § 924(a)(1)(A) violation, rather than a conspiracy or aiding and abetting offense); *Schultz,* 17 F.3d at 724, 727–28 (reversing conspiracy and aiding and abetting convictions under bank fraud statute where Government failed to establish jurisdictional element that defrauded bank was insured by FDIC).

"The government [i]s not required to produce the license" itself "in order to prove that the store [in question] was a licensed firearms dealer."[15] The government may instead prove that element by circumstantial evidence.[16] Thus, we have upheld a conviction under the Act where the Government introduced no evidence on the licensing requirement other than an ATF agent's testimony that he "knew that the [store in question] was a licensed firearm dealer."[17] We have also ruled that the Government satisfied its burden of proof on the licensing element where the dealer's employee testified that the dealer "had a valid license during the relevant period."[18] Finally, we have held that a license application bearing an expiration **\*284** date but no date of issuance was by itself "sufficient to show" that the dealer "was a 'licensed' dealer at the time of the firearm sales in question" because the application "by statutory definition" was issued one year prior to the expiration date.[19]

15  *United States v. Frazier,* 547 F.2d 272, 273 (5th Cir.1977).

16  See *United States v. Ransom,* 545 F.2d 481, 482–83 (5th Cir.1977).

17  *Frazier,* 547 F.2d at 273.

18  *United States v. Ballard,* 18 F.3d 935 (5th Cir.1994). Accord *Ransom,* 545 F.2d at 483.

19  See *United States v. Snell,* 508 F.2d 21, 23 (5th Cir.1975).

However, we have never considered a case where the Government introduced as little evidence on the licensing element as it did here. The Government did not produce copies or originals of the dealers' licenses. Nor did the Government produce a license application with an expiration date, as it did in *Snell.* Nor did the Government call any employees from Bachman Pawn or Academy Sports to testify that the dealers were federally licensed at the time of Reid's offenses.

Although the Government called an ATF agent to testify at trial, he did not testify that Bachman Pawn or Academy Sports were FFLs at the time of Reid's offenses. He testified only that (1) FFLs are generally required to keep Form 4473s in the course of their business, and (2) certain dealers *other than* Bachman Pawn and Academy Sports from which Reid's co-conspirators purchased firearms on other occasions were federally licensed.

Thus, the Form 4473s that Reid's co-conspirator signed constitute the only evidence in the trial record casting any light on whether Bachman Pawn and Academy Sports were licensed on the date of Reid's offenses. Those forms contain the dealer's federal license number, stamped signature, business name, and address. While a jury could certainly infer from this information that Bachman Pawn and Academy Sports were licensed *at some point,* the Form 4473s contain no indication that the stores were licensed *at the time of Reid's offenses.* They do not contain the date the license was issued or its expiration date. Nor do the Form 4473s contain a certification that the dealer is currently licensed, or any other indication that the dealer's license was valid on the date of the sale. We therefore conclude that the Form 4473s alone were insufficient to allow the jury to infer that Bachman Pawn and Academy Sports had valid licenses at the time of Reid's offenses.

IV.

[3] As additional support on the jurisdictional element, the Government points to the ATF Form 3310.4s that it produced at trial.[20] An FFL must complete Form 3310.4 and submit it to the ATF and state and local authorities whenever an unlicensed buyer purchases multiple firearms within a short timeframe.[21]

20  We granted the Government's motion to supplement the appellate record with PDF format copies of these exhibits over Reid's objection. Docket No. 99.

21  See *United States v. Ortiz,* 318 F.3d 1030, 1033 (11th Cir.2003).

Even with this additional evidence, however, the jury still could not infer that Bachman Pawn and Academy Sports were licensed at the time of Reid's offenses. The Form 3310.4s do not contain any information that the Form 4473s do not. Namely, both forms contain the dealer's federal license number, stamped signature, business name, and address. For the reasons identified above, this information, standing alone, is insufficient to allow a jury to infer that the dealers were licensed at the time of Reid's offenses.

It is true that FFLs are required to transmit Form 3310.4s to the ATF when an unlicensed purchaser buys multiple firearms.[22] If the jury heard testimony that **285** Bachman Pawn and Academy Sports transmitted these forms to the ATF, it perhaps could have inferred that the dealers were licensed at the time of Reid's offenses; an unlicensed dealer would presumably not want to alert the ATF if it was conducting potentially unlawful firearm sales. However, because the jury heard no such testimony, it could draw no such inference here.

22  *Ortiz,* 318 F.3d at 1033.

Thus, at most, the Form 4473s and the Form 3310.4s show that Bachman Pawn and Academy Sports held federal firearms licenses at one time. They do not allow an inference that the dealers had valid licenses on the date of the sales. Because the Government failed to carry its burden of proof as to a jurisdictional element of Reid's offenses, his convictions cannot stand.

"Our disposition of this appeal, because it is dictated by lack of sufficient evidence, compels dismissal" of the

charges against Reid, "not just remand for a new trial with better evidence."[23] We therefore reverse and remand with instructions that the district court dismiss the conspiracy and aiding and abetting charges against Reid.[24]

[23] *United States v. Trevino,* 720 F.2d 395, 401 (5th Cir.1983) (citing *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)).

[24] See *Schultz,* 17 F.3d at 728 (5th Cir.1994) (citing *Burks,* 437 U.S. at 18, 98 S.Ct. 2141).

REVERSED and REMANDED.

**All Citations**

595 Fed.Appx. 280